# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., *Plaintiff*, v. SAMSONITE INTERNATIONAL S.A., *Defendant*. | Civil Action No. 6:23-cv-00196-ADA **JURY TRIAL DEMANDED** |

**DEFENDANT SAMSONITE INTERNATIONAL S.A.'S OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REPLY**

Samsonite International S.A. ("Samsonite Int'l") respectfully requests leave to file the attached three-page supplemental brief to its Reply (Dkt. 25) in support of its motion to dismiss/transfer. The proposed supplement provides the Court a summary of the relevant facts learned in the six months of venue discovery the parties have completed, and is attached as Ex. 1 to this Motion.  At the hearing regarding the propriety of Swissdigital's jurisdictional discovery served after it had filed its opposition, and just before Samsonite filed its reply, Swissdigital stated that it needed venue discovery "to confirm the veracity of what is in the briefing" and that it might "require a supplemental brief if there is additional information that . . . confirms the inconsistencies" between Samsonite Int'l's briefing and purported public representations.  Ex. 2 (Aug. 29, 2023 Hearing Transcript) at 6:1–9, 23–25.

After nearly 6 months and production of over 12,000 pages of documents, Swissdigital came back for more and served deposition notices on three individuals identified in discovery—two of whom are located in China—as well as seeking personal addresses of former Samsonite employees.  Ex 3. Given the overwhelming evidence already supporting Samsonite Int'l's positions, the extent of venue discovery already completed, and the burden and expense of allowing it to continue with multiple depositions, Samsonite Int'l refused, and requested that Swissdigital agree to close venue discovery.  Ex. 4 (2024-01-09 Eml. Fr. Chung to Draffin) at 1. After the parties exchanged positions via a discovery dispute chart pursuant to the Court's procedures, Swissdigital agreed to Samsonite Int'l's proposal and agreed to close venue discovery. Ex. E at 2 (2024-02-01 Eml. Fr. Altman to Benedict).  At that time, Swissdigital indicated it would not seek supplemental briefing.

Samsonite Int'l subsequently informed Swissdigital that it intended to request leave to file a short supplemental brief in support of its Reply to educate the Court on the salient facts from

1

venue discovery that disprove the arguments in Swissdigital's Opposition Brief (Dkt. 24). *Id.* at 1–2 (2024-02-05 Eml. Fr. Chung to Altman). In retribution, Swissdigital then retracted its agreement to close venue discovery, and has stated that it intends to bring the previous disputes regarding depositions and addresses to the Court. *Id.* at 1 (2024-02-05 Eml. Fr. Draffin to Chung).

At least on paper, Swissdigital's objection to this simple, non-argumentative supplemental reply is that it will supposedly delay claim construction proceedings. Not so. The reply advances no new arguments that require response from Swissdigital, particularly in light of Swissdigital's earlier position that it apparently did not need additional briefing. Rather, the supplement simply seeks to assist the Court in "confirm[ing] the veracity" (Ex. 2 at 6:23–25) of the arguments Swissdigital made in its unusual pre-venue discovery Opposition (Dkt. 24) now that those arguments have been vetted through extensive venue discovery. The only delay to claim construction proceedings could come if Swissdigital persists in bringing further venue discovery disputes to the court.

Because this supplement will not cause delay, and will assist the Court in ruling on its Motion to Dismiss/Transfer (Dkt. 19), Samsonite respectfully requests leave to file Exhibit 1 to this motion as a Supplement to its Reply In Support of its Motion to Dismiss/Transfer.

| | |
|---|---|
| Date: February 9, 2024 | Respectfully submitted,<br><br>*/s/ Bailey K. Benedict*<br><br>Neil J. McNabnay<br>njm@fr.com<br>Texas Bar No. 24002583<br>**FISH & RICHARDSON P.C.**<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>Tel: (214) 747-5070<br>Fax: (214) 747-2091<br><br>Bailey K. Benedict<br>benedict@fr.com<br>Texas State Bar No. 24083139<br>**FISH & RICHARDSON P.C.**<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>Tel: (713) 654-5300<br>Fax: (713) 652-0109<br><br>**ATTORNEYS FOR DEFENDANT**<br>**SAMSONITE INTERNATIONAL S.A.** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 16, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and via electronic mail.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties met and conferred via email on Feb. 5, 2024. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Bailey K. Benedict*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to this Court's Amended Standing Order Regarding Filing Documents Under Seal and this Court's OGP Version 4.4. Interim Protective Order.

*/s/ Bailey K. Benedict*
Bailey K. Benedict
