# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSONITE INTERNATIONAL S.A., <br><br> *Defendant*. | Civil Action No. 6:23-cv-00196-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SAMSONITE INTERNATIONAL S.A.'S
<u>SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REPLY</u>**

With jurisdictional discovery at a close,[1] it is clear that Swissdigital has sued the wrong entity in the wrong district. Indeed, six months and over 12,000 pages of discovery later, Swissdigital has uncovered no facts with which to supplement its briefing in Opposition to Plaintiff's Motion to Dismiss, or in the Alternative, Transfer (Dkt. No. 24), while the facts set forth in Samsonite Int'l's its Motion (Dkt. 19) and Reply (Dkt. 25) have been confirmed.

I.  **Venue Discovery Confirms There Is No Personal Jurisdiction Over Samsonite International**

Samsonite Int'l is a holding company and is not responsible for any alleged act of infringement, because—as asserted in its Reply—it does not have any involvement in operations at a product level. *See* Dkt. 25 (Reply) at 3–6. Indeed, documents show that over six years of Samsonite Int'l board meetings, the board never discussed a single one of the forty-six different accused products, nor did the board ever discuss implementing USB charging systems generally. *See generally*, *e.g.*, Ex. A (SAM-0004563) (board meeting minutes from March 15, 2023). Instead, these discussions and decisions were made by Massachusetts-based Samsonite LLC, the developer of nearly all the accused products. *See* Ex. B (Second Supp. ROG Resp. Nos. 1–5) at 8–11; Ex. C (Appx. A to Supp. ROG Resp. Nos. 1–5).

In the unlikely event the Court finds that Samsonite Int'l did perform relevant activities, not a single fact uncovered in venue discovery ties the relevant activities, or Samsonite Int'l, to

---

[1] On February 1, 2024, Swissdigital agreed to drop its remaining, untimely requests for three venue depositions and further discovery regarding the personal addresses of former Samsonite employees, and agreed that venue discovery was closed. Ex. E (Emls fr Altman, Draffin to Benedict at 1) at 2. Swissdigital also indicated that it would not seek to supplement its opposition to Samsonite's motion to dismiss/transfer, unilaterally stating its belief that it was "fully briefed." *Id.* Samsonite understands that now, in retribution for Samsonite requesting to file this supplement, Swissdigital has withdrawn its agreement to close venue discovery and will seek to bring further disputes to the Court. *Id.* at 1. If Swissdigital follows through on this threat, Samsonite's position remains the same: venue discovery is closed.

1

Texas.  *See* Dkt. 25 (Reply) at 6–9.  Samsonite LLC developed nearly all the products at its Mansfield, Massachusetts headquarters, with local employees.  *See* Ex. B (Second Supp. ROG Resp. Nos. 1–5) at 8–11; Ex. C (Appx. A to Supp. ROG Resp. Nos. 1–5).  Samsonite Int'l produced 850 design documents, totaling over 10,000 pages, related to the development of each accused product all confirming this to be the case.  *Id.*  By contrast, no relevant activity occurred in Texas, and no relevant employee lived in the state of Texas at the time of filing of the Complaint.  *Id.*  In sum, prolonged and extensive jurisdictional discovery has confirmed that Samsonite Int'l is simply not "responsible for [the] allegedly infringing acts, in Texas or otherwise."  Dkt. No. 25 (Reply) at 4.  As explained in the Motion and Reply, Samsonite Int'l has no contacts with the State of Texas, and this Court has no personal jurisdiction over Samsonite Int'l.  *Id.*

## II.     Venue Discovery Has Also Confirmed That the District of Massachusetts Is Clearly the More Convenient Venue.

Samsonite Int'l has a headquarters in D. Mass.  *See, e.g.,* Ex. D (SAM-0005177, March 2023 Trade Update on Mansfield, MA office letter-head).  That should be the end of the inquiry.  Venue discovery has also confirmed that nearly all accused products were designed in Massachusetts, and that nearly all individuals primarily responsible for the design, development, and sales of the accused products reside within 100 miles of D. Mass.—***none*** are subject to this Court's subpoena power.  *See* Ex. B (Second Supp. ROG Resp. Nos. 1–5) at 8–11; Ex. C (listing individuals' location of employment and last known state of residence).  33 of the 36 persons primarily responsible for the development of the accused products were employed by Samsonite LLC at its Mansfield, Massachusetts location.[2]  *See* Ex. C.  Of the 21 persons identified who are no longer employed by Samsonite LLC, 15 have last known addresses within 100 miles of the

---

[2] One of the remaining three individuals worked at Samsonite LLC's Chicago, IL location, and two worked for eBags, LLC (later acquired) at its Colorado location.

2

District of Massachusetts.[3] *Id.* No relevant individual with primary responsibility for any aspect of the 46 accused products had a last known address in Texas at the time of filing. *Id.*; s*ee In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) ("the factor of inconvenience to [] witnesses increases in direct relationship to the additional distance to be traveled"). Discovery has thus confirmed that all design and development activities for the accused products occurred in Massachusetts, by current and former Samsonite LLC employees who still overwhelmingly work and live within the Massachusetts court's subpoena power. *See* Dkt. 25 (Reply) at 6–9.

In sum, after 6 months and 12,000 pages of venue discovery on 46 accused products (45 added after the complaint was filed), Swissdigital has managed only to confirm that Samsonite Int'l was right. The Court should dismiss this action because it has no personal jurisdiction over Samsonite Int'l. In the alternative, venue should be transferred to D. Mass., which is clearly the more convenient forum, because nearly all relevant activities occurred there, nearly all relevant employees are located there, and Samsonite Int'l's headquarters is located there.

---

[3] The remaining six individuals have last known address in New Hampshire (likely within 100 miles of D. Mass.), Colorado, Florida, Missouri, and Wisconsin. Again, none have last known addresses in Texas.

Date: February 9, 2024                                    Respectfully submitted,

*/s/ Bailey K. Benedict*
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict
benedict@fr.com
Texas State Bar No. 24083139
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Tel: (713) 654-5300
Fax:  (713) 652-0109

**ATTORNEYS FOR DEFENDANT
SAMSONITE INTERNATIONAL S.A.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 16, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and via electronic mail.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties met and conferred via email on Feb. 5, 2024. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to this Court's Amended Standing Order Regarding Filing Documents Under Seal and this Court's OGP Version 4.4. Interim Protective Order.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

# EXHIBITS A, B, C, D

# FILED UNDER SEAL

# EXHIBIT E

**Ethan Kovar**

| | |
|---|---|
| **From:** | sdraffin@keyhanillc.com |
| **Sent:** | Monday, February 5, 2024 8:39 PM |
| **To:** | Joon Chung |
| **Cc:** | Jacqueline Altman; Bailey Benedict; FRService-Samsonite-23cv196; dkeyhani@keyhanillc.com; fstephenson@keyhanillc.com; Andy Tindel |
| **Subject:** | RE: Swissdigital v Samsonite; No. 6:23-cv-169 - Discovery Dispute Chart |
| **Attachments:** | Discovery Dispute Chart - Juridictional Discovery - 2.5.24.docx |

[This email originated outside of F&R.]


Dear counsel,

We are surprised that you are asking for additional briefing when Samsonite has already had the last word. Your request for a supplemental brief is unreasonable and unacceptable in light of Samsonite's conduct throughout venue discovery and its refusal to fully comply with its discovery obligations. As such, we will oppose your request for additional briefing.

Our previous email proposed a resolution to venue discovery, and--as stated--"we will agree that venue discovery is closed and that Samsonite's motion to dismiss/transfer has been fully briefed." If Samsonite does not agree that the matter is fully briefed, Swissdigital will raise the outstanding discovery issues before the Court as originally proposed.

To that end, please find attached the discovery dispute chart. We did not edit any of Samsonite's positions, but we did move Samsonite's position regarding its additional issue, "End of Venue Discovery," to the correct column. No changes were made to Swissdigital's original positions. Please see Swissdigital's response to Samsonite's additional issue.

We will send the completed chart to the Court tomorrow.

Best,

Scott Draffin
Keyhani LLC


-----Original Message-----
From: "Joon Chung" <chung@fr.com>
Sent: Monday, February 5, 2024 6:55pm
To: "Jacqueline Altman" <jaltman@namanhowell.com>, "Bailey Benedict" <benedict@fr.com>, "FRService-Samsonite-23cv196" <FRService-Samsonite-23cv196@fr.com>
Cc: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>, "fstephenson@keyhanillc.com" <fstephenson@keyhanillc.com>, "Scott Draffin" <sdraffin@keyhanillc.com>, "Andy Tindel" <atindel@andytindel.com>
Subject: RE: Swissdigital v Samsonite; No. 6:23-cv-169 - Discovery Dispute Chart


Counsel,

Defendant intends to move the Court for leave to file a three-page supplemental brief in support of Dkt. No. 25, Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Amended complaint. By 12:00pm noon CT tomorrow, 2/6, please let us know whether Plaintiff opposes.

Best,

Joon

---

**From:** Jacqueline Altman <jaltman@namanhowell.com>
**Sent:** Thursday, February 1, 2024 3:21 PM
**To:** Bailey Benedict <benedict@fr.com>; Joon Chung <chung@fr.com>; FRService-Samsonite-23cv196 <FRService-Samsonite-23cv196@fr.com>
**Cc:** dkeyhani@keyhanillc.com; fstephenson@keyhanillc.com; Scott Draffin <sdraffin@keyhanillc.com>; Andy Tindel <atindel@andytindel.com>
**Subject:** RE: Swissdigital v Samsonite; No. 6:23-cv-169 - Discovery Dispute Chart

Bailey,

Thank you for your response. As you know, the OGP requires the parties to notify the Court enough in advance of the Markman hearing if there are any unresolved motions to transfer. In looking at our schedule, claim construction briefing will begin shortly. We have already amended the scheduling order once to push back all claim construction related deadlines and we recognize that doing so again would not be favorable. Because of that, we will agree that venue discovery is closed and that Samsonite's motion to dismiss/transfer has been fully briefed. We can file a notice with the Court confirming that the motion is ready for resolution, per the OGP.

Thank you,



**Jacqueline P. Altman**
Partner

**Office:** (254) 755-4100
**Direct:** (254) 755-4344
**Fax:**   (254) 754-6331
jaltman@namanhowell.com
400 Austin Ave., Suite 800
Waco, TX 76701
www.namanhowell.com

---

**From:** Bailey Benedict <benedict@fr.com>
**Sent:** Monday, January 29, 2024 8:43 PM
**To:** Jacqueline Altman <jaltman@namanhowell.com>; Joon Chung <chung@fr.com>; FRService-Samsonite-23cv196 <FRService-Samsonite-23cv196@fr.com>
**Cc:** dkeyhani@keyhanillc.com; fstephenson@keyhanillc.com; Scott Draffin <sdraffin@keyhanillc.com>; Andy Tindel <atindel@andytindel.com>
**Subject:** RE: Swissdigital v Samsonite; No. 6:23-cv-169 - Discovery Dispute Chart


Jacqueline,

Thank you. I have attached our additions to the Chart. We (obviously) did not edit any of Swissdigital's positions. We did add the text of the interrogatories at issue to the Issue column, for the court's convenience.

Additionally, your chart did not include our request that venue discovery be closed, which we made in our last email to you regarding the depositions, and which was a subject of our meet and confer. We have added that as a row to the chart. Please add your response within three business days.

-Bailey

2

**Bailey K. Benedict**

Principal **::** Fish & Richardson P.C.

713 654 5331 direct **::** benedict@fr.com

---

**From:** Jacqueline Altman <jaltman@namanhowell.com>
**Sent:** Wednesday, January 24, 2024 4:48 PM
**To:** Joon Chung <chung@fr.com>; Bailey Benedict <benedict@fr.com>; FRService-Samsonite-23cv196 <FRService-Samsonite-23cv196@fr.com>
**Cc:** dkeyhani@keyhanillc.com; fstephenson@keyhanillc.com; Scott Draffin <sdraffin@keyhanillc.com>; Andy Tindel <atindel@andytindel.com>
**Subject:** Swissdigital v Samsonite; No. 6:23-cv-169 - Discovery Dispute Chart

[This email originated outside of F&R.]

Counsel,

Following our meet and confer, please see attached for the discovery dispute chart with Swissdigital's position as well as Exhibits A-C. Per the OGP, please provide Samsonite's position to us within 3 business days and we will send the completed chart to the Court and CC you.

Best,

Jacqueline



**Jacqueline P. Altman**
Partner

**Office:** (254) 755-4100
**Direct:** (254) 755-4344
**Fax:**    (254) 754-6331
jaltman@namanhowell.com
400 Austin Ave., Suite 800
Waco, TX 76701
www.namanhowell.com

**Disclaimer**
Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.

```
**************************************************************************************
***********************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
```

message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Disclaimer**

Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*