**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD. *Plaintiff*, v. SAMSONITE INTERNATIONAL S.A., *Defendant*. | Civil Action No. 6:23-cv-00196-ADA **JURY TRIAL DEMANDED** |

**SWISSDIGITAL USA CO., LTD.'S RESPONSE IN OPPOSITION TO SAMSONITE INTERNATIONAL S.A.'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REPLY**

Defendant Samsonite International S.A. ("Samsonite" or "Defendant") has not provided a single legitimate basis as to why it should be permitted to file a supplemental brief when Samsonite itself had the last word in its Reply (Dkt. No. 25). Samsonite's Motion for Leave to File a Supplemental Brief in Support of Its Reply ("Motion for Leave") (Dkt. No. 41) grossly mischaracterizes the parties' previous communications and Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff")'s position. Samsonite seeks to backdoor a surreply to *its own Reply* that it filed seven months ago.[1] Despite being on notice that the substance of its proposed third brief is deceptive and irrelevant to the Court's venue analysis, Samsonite still attempts to mislead the Court. For the reasons set forth below, the Court should deny Defendant's Motion.

## ARGUMENT

**I.   Samsonite Mischaracterizes Swissdigital's Position and the Events of Jurisdictional Discovery.**

Swissdigital served targeted, narrowly tailored jurisdictional discovery requests on July 21, 2023, seeking to identify which individuals could be relevant to the alleged patent infringement and where those individuals are currently located. But Samsonite's responses to interrogatories have been unclear and incomplete, and its production of over 12,000 pages of documents has been largely duplicative and nonresponsive.

For six months, Samsonite has obstructed and delayed jurisdictional discovery through its piecemeal supplementing of the record and its purposeful withholding of relevant, nonprivileged information. Instead of responding fully and finally to Swissdigital's interrogatories, Samsonite provided speculative, incomplete responses on August 10, 2023. Following a hearing with the

---

[1] On June 20, 2023, Samsonite filed its Motion to Dismiss/Transfer (Dkt. No. 19). On July 18, 2023, Swissdigital filed its Response in Opposition (Dkt. No. 24). On July 25, 2023, Samsonite filed its Reply (Dkt. No. 25). Swissdigital did not file any additional briefing after Samsonite's Reply.

1

Court on August 29, 2023,[2] Samsonite supplemented its responses to interrogatories twice, on September 25, 2023, and December 4, 2023, produced some documents on September 18, 2023, and then served supplemental production on September 27, 2023, October 2, 2023, October 19, 2023, December 4, 2023, and January 31, 2024.  Samsonite's own failure to timely respond and produce documents has extended venue discovery over the span of six months.

Despite its three sets of responses and six productions, Samsonite has nevertheless refused to provide the location of potentially relevant individuals and clarity on the scope of their involvement, as discussed *infra* Part III.  Samsonite's refusal was the subject of numerous meet-and-confers, and in a January 19, 2024 email, Samsonite stated that it "will not provide any further venue discovery."  Email Chain (Ex. A) at 2.  After an additional meet-and-confer on January 23, 2024, the parties ultimately drafted a Discovery Dispute Chart.  *See* Disc. Dispute Chart (Ex. B).

Swissdigital continues to maintain that it is entitled to the disputed discovery and that Samsonite has not satisfied its discovery obligations.  But after considering the time and cost already expended, the scheduling order, and Samsonite's ongoing obstruction and delay, Swissdigital proposed closing venue discovery and resting on the briefs.  Based on these practical considerations and the notable fact that Samsonite has been unable to show that ***any*** third-party witnesses are within the subpoena power of the District of Massachusetts, *see infra* Part III.A, Swissdigital was willing to compromise with Samsonite and proceed without further jurisdictional discovery and supplemental briefing.  Specifically, Swissdigital stated: "we will agree that venue discovery is closed and that Samsonite's motion to dismiss/transfer has been fully briefed."

---

[2] Samsonite attached only a small portion of the transcript for this hearing.  The full transcript shows that the Court permitted venue discovery and denied supplemental briefing at that time.  *See* Full Aug. 29, 2023 Hearing Transcript (Ex. D) at 8:1–12.

Dkt. No. 41-1, Ex. E, at PDF pages 10–11.  Samsonite rejected this proposal by expressing its intent to file additional briefing.  *Id.* at PDF page 10.

Samsonite now seeks to twist these facts and Swissdigital's position, even falsely stating in its proposed third brief that "Swissdigital has uncovered no facts with which to supplement its briefing."  Dkt. No. 41-1 at 1.  Such gamesmanship is improper and should not be rewarded.

## II.     Supplemental Briefing for Samsonite is Unwarranted and Unjustified.

Samsonite claims that its proposed third brief is "non-argumentative."  Dkt. No. 41 at 2.  This characterization is without merit, but even if it was accurate, the Court should deny leave to file an additional brief that neither presents nor advances a party's position.

Further, Samsonite claims that it will "educate the Court on the salient facts from venue discovery that disprove the arguments in Swissdigital's Opposition Brief."  *Id.* at 1.  But all information regarding Samsonite's Motion to Dismiss/Transfer (Dkt. No. 19) has been within Samsonite's own possession and knowledge this entire time; the discovery came from Samsonite itself.  Samsonite had its opportunity to "educate" the Court in its Motion to Dismiss and its Reply.

In reality, Samsonite seeks to exploit an incomplete record curated by Samsonite's own obstruction and unwillingness to satisfy its jurisdictional discovery obligations.  This should not be allowed.

## III.    Samsonite's Third Brief is Misleading, Inaccurate, and Irrelevant to the Venue Analysis.

In its proposed third brief, Samsonite knowingly advances misleading argument and makes several false, inconsistent statements that conflict with its earlier positions and admissions and the facts produced in discovery, as shown below.

A.  **Samsonite Has Failed to Show That Any Unwilling Witnesses Are Located Within 100 Miles of the District of Massachusetts.**

Former employees are analyzed under the compulsory process factor of the venue analysis. *See, e.g.*, *Silent Commc'n, LLC v. Adobe Inc.*, No. W-22-CV-00527-ADA, 2023 U.S. Dist. LEXIS 109132, at *8 (W.D. Tex. May 26, 2023). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A)–(B). Accordingly, the relevant analysis asks where these witnesses *currently* reside, are employed, or regularly transact business in person.

Samsonite has stated unequivocally that for the twenty-two former employees identified in its interrogatory responses, "**their current location is not within Samsonite International S.A.'s possession, custody, or control.**" Dkt. No. 41-1, Sealed Ex. C, at PDF page 7. But with no factual support, Samsonite declares to the Court "that nearly all individuals primarily responsible for the design, development, and sales of the accused products reside within 100 miles of D. Mass." Dkt. No. 41-1 at 2. Further, Samsonite falsely states that "[d]iscovery has thus confirmed that . . . former Samsonite LLC employees . . . still overwhelmingly work and live within the Massachusetts court's subpoena power." *Id.* at 3. Discovery has confirmed no such thing. To the contrary, Samsonite *admits* that this information is not within its possession, custody, or control.

Although Samsonite has produced the last known *states* of residence for these former employees, this information has no bearing on the venue analysis. Samsonite is on notice that this information is irrelevant, as this issue was addressed in numerous meet-and-confers and in the parties' Discovery Dispute Chart. *See* Disc. Dispute Chart (Ex. B). Nevertheless, Samsonite advances the misleading argument that "[o]f the 2[2] persons identified who are no longer

4

employed by Samsonite LLC, 15 have last known addresses within 100 miles of the District of Massachusetts." Dkt. No. 41-1 at 2–3.

Discovery has confirmed that Samsonite has no knowledge of any relevant third-party witnesses currently located within the subpoena power of the District of Massachusetts. This is consistent with Samsonite's position in its Motion to Dismiss/Transfer that relevant third-party witnesses are all located in Asia. *See* Dkt. No. 19 at 17. Since neither venue has subpoena power over these witnesses, the factor is neutral.

> **B. Samsonite Has Failed to Identify Any International Employee Witnesses or Sources of Proof Despite Clear Evidence of Their Existence and Importance.**

Samsonite made clear in its Motion to Dismiss/Transfer that relevant witnesses and documents are located outside the United States. *See* Dkt. No. 19 at 16, 18. However, in its interrogatory responses, Samsonite failed to identify any international Samsonite employees who participated in the conception, design, development, marketing, or sales of the accused products, instead limiting the scope of its responses to just its U.S.-based Samsonite LLC employees. *See* Dkt. No. 41-1, Sealed Ex. B, Sealed Ex. C.

Specifically, Samsonite excluded numerous individuals identified as "Asia Coordinators," who appear to be key witnesses and whose names appear on the same design documents from which Samsonite populated its interrogatory responses. *See, e.g.*, Def.'s Design Doc. (Ex. C) at PDF page 2. These Asia Coordinators, who are involved with new product development and interact with third-party manufacturers, seem most likely to have knowledge regarding the USB port components relevant to all of Swissdigital's claims of infringement that are manufactured and supplied by China-based third-party Jiaxin Electronics, as shown by the design documents. *Id.* at PDF page 3.

5

Swissdigital served deposition notices on two China-based Asia Coordinators and a U.S-based designer to determine the extent of their relevance.  But Samsonite refused to produce any of these witnesses.  In doing so, Samsonite admitted that it would be ***significantly burdensome*** for the two international employees to travel to the District of Massachusetts, the location where the deposition was noticed.  Email Chain (Ex. A) at 2.

Now, Samsonite falsely states that "[d]iscovery has thus confirmed that all design and development activities for the accused products occurred in Massachusetts" and that "Samsonite LLC developed nearly all the products at its Mansfield, Massachusetts headquarters, with local employees."  Dkt. No. 41-1 at 2–3.  This is clearly inconsistent with Samsonite's position in its Motion to Dismiss and the design documents it produced.  Accordingly, the Court should give little or no weight to Samsonite's claimed significance of its Massachusetts office where Samsonite has foreclosed the opportunity for Swissdigital to examine either its U.S. or international employees to determine their relevance and the sources of proof in their custody.

## CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.

Dated: February 16, 2024

Respectfully Submitted,

By: */s/ Dariush Keyhani*
Dariush Keyhani (*admitted pro hac vice*)
Frances H. Stephenson (*admitted pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

6

Jacqueline P. Altman
State Bar No. 24087010
John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
jaltman@namanhowell.com
palmer@namanhowell.com
powell@namanhowell.com

Andy Tindel
Texas State Bar No. 20054500
MT2LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Tel: (903) 596-0900
Fax: (903) 596-0909
atindel@andytindel.com

*Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2024, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record who have who have consented to accept this Notice as service of this document by electronic means. Sealed Exhibits B-D were served via e-mail to counsel of record for Samsonite.

*/s/ Dariush Keyhani*
Dariush Keyhani