**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSONITE INTERNATIONAL S.A., <br><br> *Defendant*. | Civil Action No. 6:23-cv-00196-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SAMSONITE INTERNATIONAL S.A.'S REPLY
IN SUPPORT OF ITS MOTION FOR LEAVE (DKT. NO. 41)**

Swissdigital raises nothing in opposition that meaningfully disputes that Samsonite Int'l's Motion for Leave to file its supplemental brief (Dkt. No. 41, "Motion for Leave") should be granted. Swissdigital's opposition consists of two parts: 1) an attempt to point the finger at Samsonite Int'l for allegedly obstructing discovery, and 2) a substantive response to Samsonite Int'l's proposed supplemental brief (despite the Court's not having yet ruled on the Motion, let alone granting leave for a substantive response). Neither portion identifies any reason the Motion should not be granted.

## I. SAMSONITE INT'L'S MOTION FOR LEAVE SHOULD BE GRANTED

Samsonite Int'l requested leave to file a supplemental brief because it "will not cause delay, and will assist the Court in ruling on its Motion to Dismiss/Transfer" by alerting the Court of facts "vetted through extensive venue discovery." Dkt. No. 41 at 2. Swissdigital does not dispute that granting the Motion will cause no delay, or that facts from venue discovery will assist the Court in ruling on the underlying Motion to Dismiss/Transfer. As the Motion is unopposed in relevant part, it should be granted.

Swissdigital instead spends the better part of three pages accusing Samsonite Int'l of obstructing discovery. Dkt. No. 45 at 1-3. Swissdigital's argument is irrelevant to the Motion for Leave at hand, particularly given its representation that it is not seeking any further discovery due to "cost." *Id.* at 2. Moreover, Swissdigital's recitation of the facts is inaccurate and incomplete. Swissdigital's timeline (*id.*) ignores that the discovery Samsonite Int'l provided early on in venue discovery was sufficient for Swissdigital to determine the information it now complains of months later. Dkt. No. 46-1 at 4-5. It was Swissdigital who failed to timely review Samsonite Int'l's productions, twice cancelled 30(b)(6) depositions, and months later attempted to depose three individual witnesses, two of whom are in China. *Id.* And despite the complaints in its Opposition,

1

Swissdigital apparently now once again agrees that venue discovery should be closed.  *See* Dkt. No. 41 at 1-2.  The parties thus agree that venue discovery is completed, and the record is ripe for supplementation with the results of that completed venue discovery.

Swissdigital's argument that Samsonite Int'l's brief is improper because it does not present new arguments is nonsensical.  The supplemental brief provides *facts* from venue discovery that support the *arguments* already made in prior briefing, which is highly germane and appropriate for supplemental briefing.  It is easy to see why Swissdigital tries to make this argument.  While Swissdigital professes Samsonite Int'l's claim that Swissdigital "uncovered no facts with which to supplement its briefing" is false (Dkt. No. 45 at 3), the truth remains: Swissdigital has not identified any facts learned in venue discovery that support its opposition to Samsonite Int'l's Motion to Dismiss/Transfer, and has not moved for leave to supplement its opposition.  *See generally id*.

Swissdigital's last ditch attempt to defeat Samsonite Int'l's Motion for Leave is to argue that these facts were in Samsonite Int'l's possession from the beginning.  But this is equally unavailing—it ignores that Swissdigital identified a *single* accused product line in its Complaint, then served infringement contentions identifying *dozens* of additional products *after* the initial venue briefing was completed.  The Motion for Leave should thus be granted.

## II.     SWISSDIGITAL'S SUBSTANTIVE ARGUMENTS MISREPRESENT THE RECORD

Swissdigital improperly argues the merits of Samsonite Int'l's Motion to Dismiss/Transfer in opposition to the Motion for Leave.  Dkt. No. 45 at 4-6.  Samsonite Int'l does not believe this briefing is an appropriate forum for substantive arguments related to the Motion to Dismiss/Transfer and declines to advance substantive arguments in reply.  Instead, Samsonite Int'l limits its reply only to correcting the record as to misrepresentations made by Swissdigital.

Swissdigital's first argument—that Samsonite Int'l has provided no support for its statement that "individuals primarily responsible for the design ,development, and sales of the accused products reside within 100 miles of D. Mass.," and has not identified locations for unwilling witnesses—is false. Dkt. No. 45 at 4-5. First, Samsonite Int'l's statement that the majority of primarily responsible individuals are within 100 miles of D. Mass. was not limited to unwilling witnesses. *See* Dkt. No. 41-1 at 2, Ex. C (listing both current *and* former employees and locations). Indeed, 14 of 16 identified *current* employees reside within Massachusetts or Rhode Island (within 100 miles of D. Mass.). *Id.* Second, as Samsonite Int'l previously informed Swissdigital, even a simple LinkedIn search shows that 16 of 19 identified *former* employees are also within the D. Mass. Court's subpoena power. Dkt. No. 46-1 at 3. Samsonite Int'l's statements are thus supported by facts uncovered in venue discovery, which have shown locations for both willing *and* unwilling witnesses.

Swissdigital's reliance on the presence of overseas "Asia Coordinators" is similarly misplaced. Dkt. No. 45 at 5-6. Swissdigital's speculation that the Asia Coordinators "appear to be key witnesses" or "seem most likely to have knowledge" is little more than a refusal to accept Samsonite Int'l's discovery responses identifying those with *responsibility* for allegedly infringing activities, as ordered by the Court. *Id.* at 5; Dkt. No. 46-3 at 23:12-19. Samsonite Int'l has already identified and listed the individuals responsible for allegedly infringing activities. *See generally* Dkt. No. 41-1 at Ex. C. The foreign witnesses Swissdigital complains of are not part of that list, and are therefore irrelevant to *venue* discovery.

## III.  CONCLUSION

For the foregoing reasons, Samsonite Int'l respectfully requests that the Court grant its Motion for Leave.

3

Date: February 21, 2024

Respectfully submitted,

*/s/ Bailey K. Benedict*
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Bailey K. Benedict
benedict@fr.com
Texas State Bar No. 24083139
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Wonjoon Chung (*pro hac vice*)
GA Bar 396468
chung@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Fax: (404) 892-5002

**ATTORNEYS FOR DEFENDANT**
**SAMSONITE INTERNATIONAL S.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 21, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and via electronic mail.

*/s/ Bailey K. Benedict*
Bailey K. Benedict
