# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

SWISSDIGITAL USA CO., LTD.

       *Plaintiff,*

   v.

SAMSONITE INTERNATIONAL S.A.,

       *Defendant*.

Civil Action No. 6:23-cv-00196-ADA-DTG

**JURY TRIAL DEMANDED**

**SWISSDIGITAL USA CO., LTD.'S SUR-REPLY CLAIM CONSTRUCTION BRIEF**

## <u>**TABLE OF CONTENTS**</u>

**Page**

I.    TERMS DISPUTED BY SAMSONITE................................................................... 1

A.    "outer surface of [the/a] [bag or luggage] [body]"................................... 1

1.  The Applicant did not disclaim the scope of the claim term "outer   surface" as claimed in the '071 Patent.......................................................3

2. Samsonite's construction renders asserted claims facially nonsensical.............4

3.  There is no disclaimer with respect to the Continuation Patents........................4

B.    "fixedly attached".............................................................................6

C.    "adjacent to the [power cable outlet/first port]"......................................8

D.    "surrounding bottom portion".............................................................9

E.    "attachment portion that extends around a bottom portion of the sheath"..............10

F.    "above"........................................................................................ 11

II.    CONCLUSION............................................................................................. 12

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atlas Global Techs. LLC v. Zyxel Networks Corp.*, No. 6:22-CV-355-ADA-DTG,
    2023 U.S. Dist. LEXIS 81575 (W.D. Tex. May 9, 2023) ........................................................8

*Advanced Media Networks, LLC v. AT&T Mobility LLC,*
    748 F. App'x 308 (Fed. Cir. 2018).........................................................................................8

*Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249 (Fed. Cir. 2010)..............4

*Bd. of Regents v. BENQ Am. Corp.,* 533 F.3d 1362 (Fed. Cir. 2008) ...........................................4

*Cacace v. Meyer Mktg.,* 812 F.Supp.2d 547 (S.D.N.Y. 2011) .....................................................12

*Cellular Communs. Equip. LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759,
    2016 U.S. Dist. LEXIS 42361 (E.D. Tex. Mar. 29, 2016)......................................................6

*Cordis Corp. v. Bos. Sci. Corp.*, 561 F.3d 1319 (Fed. Cir. 2009)..................................................2

*CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359 (Fed. Cir. 2002)......................................8, 9

*Dow Chem. Co. v. Nova Chems. Corp. (Can.)*, 809 F.3d 1223 (Fed. Cir. 2015)...............10, 11, 12

*GE Lighting Sols., LLC v. AgiLight, Inc.,* 750 F.3d 1304 (Fed. Cir. 2014)..................................10

*Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.,*
    548 F. Supp. 3d 916 (N.D. Cal. 2021) ..................................................................................11

*Kinetic Concepts, Inc. v. Medela Ag & Medela, Inc.*, No. SA-08-CV-00087-RF,
    2009 U.S. Dist. LEXIS 135035 (W.D. Tex. Nov. 12, 2009) ..................................................6

*Kroy IP Holdings, LLC v. Safeway, Inc.*, 107 F. Supp. 3d 656 (E.D. Tex. 2015) ........................11

*Mallinckrodt, Inc. v. Masimo Corp.,* 147 Fed. Appx. 158 (Fed. Cir. 2005) .................................12

*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014)...................................................11

*Networks, LLC v. CSR PLC,* 771 F.3d 1336 (Fed. Cir. 2014)........................................................9

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)...............................................................9

*Pisony v. Commando Constr., Inc.*, No. W-17-CV-00055-ADA,
    2019 WL 928406 (W.D. Tex. Jan. 23, 2019)..........................................................................6

ii

*Sonrai Memory Ltd. v. Kingston Tech. Co.*, No. 6-21-CV-01824-ADA-DTG,
    2022 U.S. Dist. LEXIS 150832............................................................................9

*Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063 (Fed. Cir. 2009) ......................12

*Swissdigital USA Co. v. Wenger S.A.,* No. 6-21-CV-00453-ADA-DTG,
    2022 WL 3567348 (W.D. Tex. Aug. 18, 2022).........................................................10

*Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362 (Fed. Cir. 2012)........................2, 6, 10

*TQP Dev., LLC v. Ticketmaster Ent., Inc.*, No. 2:09-cv-00279,
    U.S. Dist. LEXIS 108957 (E.D. Tex. Sept. 23, 2011) ..............................................6

*Traxcell Techs., LLC v. Cellco P'ship*, No. 6:20-CV-01175-ADA,
    2023 WL 2415583 (W.D. Tex. Mar. 8, 2023) ....................................................1, 2

*WesternGeco L.L.C. v. ION Geophysical Corp.,* 876 F.Supp.2d 857 (S.D. Tex. 2012)..................12

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") files this sur-reply in response to Samsonite ("Samsonite" or "Defendant")'s Reply Claim Construction Brief ("Reply"). In its Reply, Samsonite again attempts to manufacture disclaimer where there is none, asserts construction is necessary for claim terms that this Court has already determined do not require construction, and argues expert opinion is not necessary on one hand while proffering attorney argument under the guise of POSITA's understanding/lack of understanding.  As set forth below and in Swissdigital's Responsive Claim Construction Brief ("Plaintiff's Response")(Dkt. 51), Swissdigital respectfully requests that the claim terms identified by Samsonite be construed as having their ordinary and customary meaning.

## I.    TERMS DISPUTED BY SAMSONITE

### A.    "outer surface of [the/a] [bag or luggage] [body]" ('071 pat., cl. 1, 10; '137 pat., cl. 1, 4, 9, 18; '138 pat., cl. 1, 2, 5, 9, 18, 23; '009 pat., cl. 5, 9, 18, 29)

Samsonite incorrectly suggests that *any* distinction made between claim language and prior art during prosecution amounts to disclaimer by misleadingly citing to *Traxcell* for the proposition that "statements made to 'distinguish the prior art' lead to disclaimer of claim scope." *Traxcell* does not support Samsonite's flawed position. *Traxcell Techs., LLC v. Cellco P'ship*, No. 6:20-CV-01175-ADA, 2023 WL 2415583, at *2–3 (W.D. Tex. Mar. 8, 2023).  Though disclaimer was found in *Traxcell*, it was based on specific statements relating to a specific claim term made by the patentee in that case which this court found to be "clear and unmistakable disclaimer of claim scope" as opposed to general distinctions made between the prior art and patent claims. *Traxcell Techs.,* 2023 WL 2415583, at *3.  There, this court found that the patentee had disclaimed the full scope of "performance data" because during prosecution the patentee stated that the "performance data in the prior art is detected at the wireless communication device 'NOT AT THE BASE

STATION.'"  *Id.* at \*2 (all caps in original).  This court also found that the patentee made "several other clear statements" that unlike the invention "performance data in the prior art was determined by the wireless device."  *Id.*  Consistent with these explicit statements about the specific claim term "performance data," this court construed "performance data" as "performance data that is not determined by the wireless communications device."  *Id.* at \*3.  Thus, this court did not find disclaimer merely because the patentee distinguished prior art, but rather found disclaimer based on several explicit and unequivocal statements relinquishing the full scope of claim term "performance data." *Id.*  This is entirely consistent with the law, which requires a patentee to make a "clear and unmistakable" surrender.  *Cordis Corp. v. Bos. Sci. Corp.*, 561 F.3d 1319, 1329 (Fed. Cir. 2009) ("the patentee's statements in the specification or prosecution history **must amount to a 'clear and unmistakable' surrender"**) (emphasis added); *Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1366 (Fed. Cir. 2012) ("The patentee may demonstrate intent to deviate from the ordinary and accustomed meaning of a claim term by including in the specification expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope.").

In the present case, no such statements were made during prosecution.  Indeed, no statements were made at all with respect to the claim term "outer surface."  As set out in Plaintiff's Response (Dkt. 51) and below, during prosecution, the Applicant merely distinguished a prior art reference (Ferber)'s teaching of "a connector that is removably retained inside a connector pocket that is attached to a compartment that is on the interior of the bag covered by the messenger flap" from the claim language (among other claim language) "a power cable outlet on the outer surface of the bag or luggage body."  Dkt. No. 49-3 at 11-12.  The Applicant did not argue that the term "outer surface" had a specific, narrow meaning or was any specific kind of outer surface.  This does not amount to "clear and unmistakable" surrender.  The Applicant did not disclaim the full

scope of the term "outer surface" with respect to either the ˈ071 Patent or the Continuation Patents and the plain and ordinary meaning should apply.

> ### 1.    The Applicant did not disclaim the scope of the claim term "outer surface" as claimed in the ˈ071 Patent

Samsonite contorts the prosecution history of the ˈ071 Patent by ignoring the entire claim language of the claim element at issue to further a nonsensical construction that cannot be correct. Applicant's discussion of Ferber involved the claim limitation as a whole: "a power cable outlet on **the** outer surface of the bag or luggage body."  During prosecution, the Applicant simply explained why this entire claim element was not taught by Ferber.  Dkt. 49-3 at 11-12.

That discussion of Ferber does not narrow or relinquish the scope of the isolated term "outer surface."  And given the prosecution history, there would be nothing to narrow or relinquish: the ˈ071 Patent claim language at issue already identifies a specific outer surface by use of the article "the" in the context of the claim.  Samsonite's arguments that the use of the definite article "the" versus the indefinite article "a[n]" is a "distinction without a difference" is self-serving attorney argument and not supported by the prosecution history of this case, the language of the allowed claims, or any law.  The definite article "the" has meaning as a matter of law and within this claim element.

Furthermore, the claim language identified by Samsonite does not support its position. Independent claim 1 of the ˈ071 Patent recites that "the bag or luggage **body** does not need to be opened to access a charging interface."[1]  Samsonite ignores the import of the term "body" in the claim language "bag or luggage body."  Under Samsonite's construction, the body is the entire bag

---

[1] The prosecution history contemplates this same language.  Dkt. No. 49-3 at 12 ("...such that the operative end of the female connector does not need to be moved and the bag or luggage **body** does not need to be opened to accept a charging interface of a product to be charged.") (emphasis added).

or luggage itself, and includes all external pockets and Samsonite provides no support or evidence that opening a pocket on the exterior of the bag amounts to opening the body of the bag or luggage.

Samsonite cannot point to anything in the prosecution history where the scope of the term "outer surface" was clearly or unmistakably narrowed or relinquished.

      **2.**      **Samsonite's construction renders asserted claims facially nonsensical**

Samsonite argues that the Court should adopt a claim construction that renders asserted claims of Plaintiff's patents—including claims that explicitly claim an outer surface of the body as being inside of a pocket—facially nonsensical. *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1255 (Fed. Cir. 2010) **("A claim construction that renders asserted claims facially nonsensical 'cannot be correct'")** (emphasis added); *Bd. of Regents v. BENQ Am. Corp.,* 533 F.3d 1362, 1370 (Fed. Cir. 2008) (refusing to adopt a claim construction that "would effect [a] nonsensical result").

For example, when applied to claim 4 of the ˈ137 Patent ("the sheath as in claim 1, further comprising a second outer surface that covers the outer surface of the body"), Samsonite's proposed construction would result in a nonsensical claim where an outermost surface must cover a different outermost surface (a "second <u>outermost surface</u> that covers the <u>outermost surface</u> of the body"). Samsonite's arguments are entirely without merit and their proposed construction cannot be correct.

      **3.**      **There is no disclaimer with respect to the Continuation Patents**

As set out in Plaintiff's Response, both the independent claims (by use of the article "an") and dependent claims (which explicitly claim various different outer surfaces) of the Continuation Patents make it unequivocally clear that Samsonite's proposed construction is nonsensical. With respect to these Patents, Samsonite does not point to any prosecution history of the Continuation

Patents in arguing disclaimer. Instead, it relies on its unavailing argument that there was disclaimer of "outer surface" made during prosecution of the '071 Patent. As addressed in Plaintiff's Response and above, Samsonite cannot establish that the Applicant disclaimed the full scope of the term "outer surface" in isolation. Accordingly, because there was no disclaimer with respect to the '071 Patent and Samsonite does not make any independent argument for disclaimer with respect to the Continuation Patents, there is no disclaimer here either. Furthermore, it would be illogical for Applicant to withdraw a nonexistent disclaimer made during prosecution of a parent patent during prosecution of the child patents.

Even if, *arguendo*, there was disclaimer with respect to the entire claim language—"a power cable outlet on the outer surface of the bag or luggage body"—made during prosecution history of the '071 Patent (which there was not), Samsonite's attempt to bootstrap it to the grammatically and structurally different claims of the Continuation Patents is untenable. Samsonite provides no support for its claims that these grammatical differences are "distinctions without differences" or "immaterial differences" or that the structural differences "are of no moment." Thus, Samsonite's law applying the disclaimer of the parent to the children applications is inapplicable. Plaintiff has identified several claims where these grammatical and structural differences are significant. Indeed, as previously discussed, Samsonite's proposed construction would render these claims nonsensical. Samsonite's assertion that the "substantive" term at issue is "outer surface" is also without merit. It is clear from Samsonite's arguments (and noninfringement positions) that the *substantive* issue in dispute is the location and number of outer surfaces. This is sufficiently defined by the claim language surrounding the term "outer surface" (i.e. "the outer surface" vs. "an outer surface").

Samsonite's attempt to create a non-infringement argument under the guise of a proposed claim construction should be rejected. *Pisony v. Commando Constr., Inc*., No. W-17-CV-00055-ADA, 2019 WL 928406, at *6 (W.D. Tex. Jan. 23, 2019). Given the lack of lexicography (which Samsonite has not argued) or disclaimer (which did not occur), construction of this term is not appropriate. *Thorner,* 669 F.3d at 1367 ("Our case law is clear, claim terms must be given their plain and ordinary meaning to one of skill in the art"). Accordingly, the ordinary and customary meaning of this claim term should be applied.

   **B.**    **"fixedly attached"** (ʹ071 pat., cl. 1, 10)

As Plaintiff asserted in its Response, this Court, in the Wenger case, correctly determined that no construction of this term is necessary and the plain and ordinary meaning should be applied. "[A]bsent a compelling reason to reconstrue [a] term," courts regularly "apply the doctrine of stare decisis and defer to [the] previous construction of the claims." *Kinetic Concepts, Inc. v. Medela Ag & Medela, Inc.*, No. SA-08-CV-00087-RF, U.S. Dist. LEXIS 135035, at *21 (W.D. Tex. Nov. 12, 2009); *see, e.g.*, *Cellular Communs. Equip. LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759, 2016 U.S. Dist. LEXIS 42361, at *29 (E.D. Tex. Mar. 29, 2016) ("Here, Defendants have failed to demonstrate why the Court should depart from its prior finding in [an earlier case]."); *TQP Dev., LLC v. Ticketmaster Ent., Inc.*, No. 2:09-CV-00279, U.S. Dist. LEXIS 108957, at *24 (E.D. Tex. Sept. 23, 2011) ("The terms . . . have already been construed by this Court in [an earlier case]. The Court has already provided sound reasoning for its construction, and there is no need to re-construe these terms.").

In the Wenger case, this Court held that it did "not find that construction of the term is appropriate." *See Swissdigital v. Wenger*, 6:21-cv-00453-ADA-DTG, Dkt. No. 55 at 9. This Court also held that "the term is also not so technical and complex to require construction for jury

6

understanding." *Id*.  Any minor distinction Samsonite attempts to draw between its proposed construction and Wenger's proposed construction has no bearing on the Court's prior finding that construction of the term is not appropriate.

Samsonite, presenting the same prosecution history as Wenger and again attempting to argue that any discussion of prior art or the Applicant's invention during prosecution meets the high standard of disclaimer, has not demonstrated why the Court should depart from its prior finding.  The Applicant's characterization of the prior art as teaching a connector that must be removed from a pocket **to be used** as not teaching a "fixedly attached" connector is not a disclaimer that narrowed the full scope of the claim term "fixedly attached" to mean a connector that is "fastened to or adjoined such that it **does not move and cannot be removed**."  Applicant's statements during prosecution all relate to the disposition of the connector when it is being *used*— not its disposition generally.  Further, Samsonite misrepresents the Applicant's statements regarding the stated purpose of the invention by selectively omitting language.  Applicant's entire statement was: "[t]he entire purpose of the present invention is to provide the female USB connector that does not moved [] and is in the flat position (this makes it more secure and easy to plug the **charging interface of the product to be charged** into the female connector of the USB extension cable)."  Dkt. No. 49-3 at 11.  Elsewhere, Applicant explains that unlike Ferber where the "connector [] is retained when not being used and is pulled out of the pocket to be used" the "sheath of the present invention secures the operative end of the female connector which is exposed and fixedly attached...such that the operative end of the female connector does not need to be moved...to accept a changing interface of a product to be charged."  Dkt. No. 49-3 at 7. Additionally, Samsonite presents no law or support for the proposition that because the

Continuation Patents use a different term ("retained") in their claims that that somehow supports any kind of prosecution disclaimer argument.

Samsonite's attempt to deviate from this Court's previous finding that this term required no construction this term falls short of the presumption laid out by the Federal Circuit. *Advanced Media Networks, LLC v. AT&T Mobility LLC,* 748 F. App'x 308, 311 (Fed. Cir. 2018) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."); *CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d 1359, 1366 (Fed. Cir. 2002). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

**C.    "adjacent to the [power cable outlet/first port]"**
**('071 pat., cl. 1, 10; '009 pat., cl. 1)**

Samsonite has not provided a compelling reason to depart from the Court's previous plain and ordinary meaning construction in the Wenger case. *See Atlas Global Techs. LLC v. Zyxel Networks Corp.*, No. 6:22-CV-355-ADA-DTG, 2023 U.S. Dist. LEXIS 81575 (W.D. Tex. May 9, 2023) ("The Court in [an earlier case] rejected a proposal to construe [the terms] to mean [the proposed construction] and instead construed the term to have its plain meaning. The Court, informed by [the earlier case], reaches the same conclusion here that the Court reached in the [earlier case], and the Court therefore hereby construes these disputed terms to have their plain meaning." (citations omitted)).

Swissdigital did not redefine the term during prosecution. *CCS Fitness,* 288 F.3d at 1366 ("To act as its own lexicographer, a patentee must 'clearly set forth a definition of the disputed claim term' other than its plain and ordinary meaning"). Assessing *the same prosecution history* raised by Wenger, this Court agreed: "this term does not fit the exceptions of lexicography or disclaimer requiring departure from plain and ordinary meaning." *Swissdigital v. Wenger*, 6:21-

cv-00453-ADA-DTG, Dkt. No. 55 at 6. Samsonite has not explained why this Court's determination in the Wenger case that "adjacent to the" does not require construction was wrong. And it does not follow that merely proposing a slightly different construction than Wenger (even if Samsonite believes it to be more correct) causes this term to now require construction. *Sonrai Memory Ltd. v. Kingston Tech. Co.*, No. 6-21-CV-01824-ADA-DTG, 2022 U.S. Dist. LEXIS 150832, at *28–32 (maintaining a previous construction even where the defendant's proposed construction slightly differed from the earlier defendants' proposed construction).

As it did in the Wenger case, this Court should maintain that no construction is necessary and that this term should be construed as having its plain and ordinary meaning. *Networks, LLC v. CSR PLC,* 771 F.3d 1336, 1347 (Fed. Cir. 2014) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.").

**D.    "surrounding bottom portion"**
**('137 pat., cl. 1, 20, 21; '138 pat., cl. 1, 2, 20, 21, 23; '009 pat., cl. 1, 2, 20, 21, 29)**

Plaintiffs asserts that no construction of "surrounding bottom portion" is necessary and one of ordinary skill in the art at the time of the invention would understand the ordinary and customary meaning of these terms when read in the context of the claims, specification, and prosecution history of the Continuation Patents. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). Samsonite's criticisms of Plaintiff's arguments regarding the Ashley prior art reference are unavailing. That Ashley does not teach "a cover for a USB cord" (*i.e.*, a sheath) is highly relevant and cannot be divorced from other portions of the prosecution history. Plaintiff's invention is "a *sheath* for convenient charging" and the "surrounding bottom portion" limitation is an aspect of the claimed sheath ("a sheath for convenient charging comprising...a surrounding bottom portion."). The prosecution history identified by Samsonite is consistent with the Applicant's

position that Ashley does not teach a cover for a USB cord (a sheath). Samsonite's attempt to isolate discussion of specific aspects of the sheath (which the Applicant characterizes Ashley as not teaching) and argue that Applicant made a discrete disclaimer is without merit. At no point during prosecution did the Applicant relinquish the scope of "surrounding bottom portion" to require it to be "a flat portion that extends outward from the bottom of."

The prosecution history identified by Samsonite does not amount to disavowal or lexicography. *GE Lighting Sols.,* 750 F.3d at 1309 (explaining that the standard for finding disavowal is "exacting"); *Thorner*, 669 F.3d at 1366–67 ("to constitute disclaimer, there must be a clear and unmistakable disclaimer"). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

### E.    "attachment portion that extends around a bottom portion of the sheath" ('137 pat., cl. 7; '138 pat., cl. 8; '009 pat., cl. 8, 9)

Samsonite has not met its burden of proving that this term is indefinite. "The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent." *Dow Chem. Co. v. Nova Chem. Corp. (Canada),* 809 F.3d 1223, 1227 (Fed. Cir. 2015)). "A party is required to show clear and convincing evidence of indefiniteness." *Swissdigital USA Co. v. Wenger S.A.,* No. 6-21-CV-00453-ADA-DTG, 2022 WL 3567348, at *2 (W.D. Tex. Aug. 18, 2022). "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).

Defendant concedes that this phrase is composed of terms commonly used in the English language. Defendant also agrees that the relevant inquiry is from the perspective of a POSITA. Defendant, however, provides no evidence that a POSITA would not be informed about the scope

of the invention.  Further, Defendant's argument that the claim is indefinite because the patent fails to teach an attachment portion entirely separate from a surrounding bottom portion (an argument entirely premised on its flawed proposed construction that the surrounding bottom portion must be "a flat portion that extends outward from the bottom of"), is not supported by law.  *See, e.g.*, *Kroy IP Holdings, LLC v. Safeway, Inc.*, 107 F. Supp. 3d 656, 669 (E.D. Tex. 2015) ("the same structure can satisfy more than one limitation in a patent claim unless the claim specifies otherwise.); *Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.,* 548 F. Supp. 3d 916, 928–29 (N.D. Cal. 2021).

Samsonite has not met its burden of proving indefiniteness by clear and convincing evidence.  *Dow Chem. Co.,* 809 F.3d at 1227.  Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

**F.**    **"above" ('137 pat., cl. 19; '138 pat., cl. 19; '009 pat., cl. 19)**

As set out in Plaintiff's Response, the correct inquiry for indefiniteness is not what whether Samsonite's *attorneys* would understand "what a natural 'up' orientation" would be or be confused by purported "multiple natural orientations."  *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014) ("[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, **those skilled in the art** about the scope of the invention.") (emphasis added). Samsonite's argument that expert testimony is not a requirement for claim construction is unavailing in this case.  The entirety of Samsonite's argument requires that a POSITA would lack inherent knowledge in this art (*e.g.*, knowledge of industry standards and norms in understanding design specifications, product designs, and design orientations) such that the patent would need to provide specific guidance.  Samsonite's unfounded *speculation* that a POSITA could not be able

to ascertain the scope of the invention is not evidence. *Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1076 (Fed. Cir. 2009) (rejecting "conclusory statements and bald assertions" of indefiniteness); *Mallinckrodt, Inc. v. Masimo Corp.,* 147 Fed. Appx. 158, 179 (Fed. Cir. 2005) (rejecting indefiniteness claim when infringer "bases its indefiniteness challenge entirely on attorney argument" and "did not adduce any evidence to substantiate its claim of indefiniteness"); *WesternGeco L.L.C. v. ION Geophysical Corp.,* 876 F. Supp. 2d 857, 875 (S.D. Tex. 2012) ("Defendants' unsupported attorney argument fails to prove indefiniteness by clear and convincing evidence"); *Cacace v. Meyer Mktg.,* 812 F. Supp. 2d 547, 561 (S.D.N.Y. 2011) ("[M]ere attorney argument is insufficient to establish invalidity based on indefiniteness").

Samsonite has not met its burden of proving indefiniteness by clear and convincing evidence. *Dow Chem. Co.,* 809 F.3d at 1227 ("The burden of proving indefiniteness ... remains at all times on the party challenging the validity of the patent"). Accordingly, no construction is necessary and the ordinary and customary meaning of this claim term should be applied.

## II.    CONCLUSION

For all of the reasons given above and in Plaintiff's Responsive Claim Construction Brief, Plaintiff respectfully requests that all of the terms identified by Samsonite be given their ordinary and customary meanings.

Dated:  April 22, 2024

Respectfully submitted,

By: */s/ Dariush Keyhani*
Dariush Keyhani (*admitted pro hac vice*)
Frances H. Stephenson (*admitted pro hac vice*)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

Jacqueline P. Altman
State Bar No. 24087010
John P. Palmer
State Bar No. 15430600
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
jaltman@namanhowell.com
palmer@namanhowell.com
powell@namanhowell.com

Andy Tindel
Texas State Bar No. 20054500
MT2LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Tel: (903) 596-0900
Fax: (903) 596-0909
atindel@andytindel.com

*Attorneys for Plaintiff Swissdigital USA Co., Ltd.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2024, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys or record who have who have consented to accept this Notice as service of this document by electronic means.

*/s/ Dariush Keyhani*
Dariush Keyhani