## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **6:23-cv-00196-ADA-DTG** |
| | § | |
| **SAMSONITE INTERNATIONAL S.A.,** | § | |
| *Defendant.* | § | |

### REPORT AND RECOMMENDATION TO GRANT
### DEFENDANT'S MOTION TO DISMISS (ECF NO. 19)

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**        UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Defendant filed a Motion to Dismiss seeking to either dismiss or transfer this case on June 20, 2023. ECF No. 19. Defendant's Motion sought dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and in the alternative sought to transfer this suit to the District of Massachusetts for convenience under 28 U.S.C § 1404. ECF No. 19. Plaintiff filed its opposition on July 18, 2023, seeking in the alternative leave to conduct jurisdictional discovery. ECF No. 24. Defendant filed a reply in support of its motion on July 25, 2023. ECF No. 25. After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that the Court **GRANT** the Motion to Dismiss (ECF No. 19) and **DISMISS WITHOUT PREJUDICE** the above-captioned action. The undersigned further

1

**RECOMMENDS** that the Court **DENY** Plaintiff's request for jurisdictional discovery (ECF No. 24).

## I.     FACTUAL BACKGROUND

### A.  The Complaint and Asserted Patents

This suit was filed on March 14, 2023, by Plaintiff Swissdigital USA Co., LTD, alleging patent infringement against Defendant Samsonite International S.A.[1] ECF No. 1 (Complaint). Plaintiff filed its Amended Complaint on March 30, 2023. ECF No. 13. In the Amended Complaint, Plaintiff alleges infringement of four U.S. Patents.[2] *Id.* ¶ 4. The inventor of the patents-in-suit is located in China. ECF No. 19 at 16; ECF No. 24 at 16. The only named defendant in Plaintiff's Amended Complaint is Samsonite International S.A. identified in the Amended Complaint as a Luxembourg limited liability company with a principal place of business in Hong Kong. ECF No. 13 ¶ 3.

### B.  The Alleged Infringement

Plaintiff alleges infringement by bag and luggage products, including the line of Quadrion bags products that include a sheath for a USB charger for convenient charging of personal devices. ECF No. 13 ¶¶ 18, 30, 48, 67, 84; *see also* ECF No. 19 at 2 (referring to the accused instrumentalities in Defendant's Motion to Dismiss). According to Defendant, the Quadrion line is designed by Samsonite LLC, and manufactured by a supplier located in Asia using USB components supplied by a second supplier also in Asia. ECF No. 19 at 3. Plaintiff's Amended Complaint also accuses other product lines of infringement. *See* ECF No. 13 ¶¶ 32, 50,

---

[1] The term "Defendant" here exclusively refers to the named defendant, Samsonite International S.A., as opposed to any subsidiaries or affiliates of Samsonite International S.A.
[2] U.S. Patent Nos. 10,574,071 ("the '071 Patent"), 10,931,137 ("the '137 Patent"), 10,931,138 ("the '138 Patent"), and 11,601,009 ("the '009 Patent").

69, 86 (infringement allegations related to the High Sierra and ebags lines); ECF No. 24 at 4 (same, also listing twelve other backpack, bags, and luggage lines).

**C.  The Parties and Relevant Non-Party Subsidiaries**

Defendant Samsonite International S.A. contradicts Plaintiff's jurisdictional allegations by asserting that it "is a group head holding company." ECF No. 19 at 2. Defendant alleges it (Samsonite International S.A.) has "joint headquarters in two locations"—Luxembourg and Mansfield, Massachusetts. *Id.* at 1. Defendant claims it (Samsonite International S.A.) has never supplied any products related to anything in the Amended Complaint directly or indirectly to the State of Texas. Defendant claims it has no employees who reside in the United States. *Id.* at 2–3. While Defendant admits its directors are based in the United States, it asserts none are in Texas. *Id.* at 3.

Plaintiff alleges Defendant is subject to personal jurisdiction in this Court. Plaintiff alleges Defendant's principal place of business is in Hong Kong, but argues that Defendant has done business in Texas or is alternatively subject to personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) consistent with due process. ECF No. 13 ¶¶ 3, 27–28. In its opposition briefing, Plaintiff argues that Defendant presents no evidence that the District of Massachusetts has jurisdiction or venue. ECF No. 24 at 7. The evidence Plaintiff offers or cites that allegedly describes Defendant's degree of control over its subsidiaries are:

- Defendant's CEO Kyle Francis Gendreau's biography page from the Samsonite investor relations website describing the CEO's role in the organization (ECF No. 24-11 (Ex. J));

- the declaration supporting Defendant's motion by John B. Livingston, Samsonite's Executive Vice President, General Counsel and Joint Company Secretary employed by Samsonite LLC (ECF No. 19-6 (Livingston Decl.));

- Defendant's 2022 Annual Report (ECF No. 24-2 (Ex. A));

- Defendant's corporate website listing annual and interim reports from 2011 to 2022 (ECF No. 24-3 (Ex. B)); and

- Samsonite International S.A.'s Q1 2023 Earnings Call Transcript (ECF No. 24-12 (Ex. K)).

The briefing discusses several additional Samsonite entities. Defendant asserts that the "main operating entities for the Samsonite Group in the United States" are Tumi Inc. and Samsonite LLC. ECF No. 19 at 2, 8. Tumi Inc. is a New Jersey Corporation with its principal place of business in New Jersey. *Id.* at 2. Defendant says Samsonite LLC designed the accused Quadrion bags. *Id.* at 3 (citing ECF No. 19-6 (Livingston Decl.) ¶ 7). Samsonite LLC's Principal Place of Business is in Mansfield, Massachusetts. Samsonite LLC and its two affiliates— Samsonite Company Stores, LLC and Direct Marketing Ventures, LLC ("DMV")—are responsible for selling the accused Quadrion bags in the United States. ECF No. 19-6 (Livingston Decl.) ¶ 10. Samsonite Company Stores, LLC is an Indiana corporation with its principal place of business in Massachusetts, and DMV is a Colorado corporation with its principal place of business also in Massachusetts. ECF No. 19 at 2, 8. Defendant asserts that DMV operates the Samsonite.com website. *Id.* at 9, 12. The final Samsonite entity worth mentioning is Samsonite IP Holdings S.A.R.L., which Defendant contends is a different Samsonite subsidiary that is identified as the copyright owner on Samsonite's website. *Id.* at 9.[3]

---

[3] Defendant cites the Livingston Decl. ¶ 16 for support of this statement, but that paragraph is discussing DMV and the terms and conditions of the website shop.samsonite.com.

**D.  Jurisdictional Discovery**

As an initial matter, the Court addresses Plaintiff's request for jurisdictional discovery. Plaintiff filed its opposition on July 18, 2023. ECF No. 24. In the opposition brief, Plaintiff requested jurisdictional discovery consistent with the "Court's Order Governing Proceedings in Patent Cases." *Id.* at 11. Under the Order Governing Proceedings jurisdictional discovery automatically opened for ten (10) weeks upon the filing of an initial jurisdictional motion, and the deadline for non-movant's response to a jurisdictional motion is 2 weeks after the completion of jurisdictional discovery. OGP 4.3 at 5. The Order Governing Proceedings was specifically entered on the docket on April 4, 2023. The Plaintiff engaged in jurisdictional discovery and even sought the Court's intervention to resolve a jurisdictional discovery dispute. *See* ECF No. 29. At that hearing, the Court ordered Defendant to engage in jurisdictional discovery and ordered the parties to seek leave of court if supplemental briefing was desired after completion of discovery. ECF No. 43 at 7:20–8:12. As such, Plaintiff's request for jurisdictional discovery through the discovery dispute process was granted and the alternative relief for jurisdictional discovery in Plaintiff's Opposition to the Motion to Dismiss (ECF No. 24 at 10–11) is **MOOT** and is **DENIED**.

**E.  Defendant's Motion to File Supplemental Briefing (ECF No. 41)**

The Court has also reviewed and considered Defendant's motion to file supplemental briefing (ECF No. 41) and finds good cause to grant the motion to supplement. The evidence in Defendant's motion to supplement confirm the Court's conclusion that Defendant lacks minimum contacts with the State of Texas—as discussed below. Despite an exchange of documents, Plaintiff's supplementary evidence only suggests that key witnesses are in Asia and would be inconvenienced by travel to Massachusetts. ECF No. 45 at 1, 5–6 (citing ECF No. 45-2

(Ex. A) at 2 (emails between counsel regarding depositions)). As the Court does not reach the question of transfer under section 1404, that evidence has no effect on the Court's conclusion. Defendant's supplementary evidence that its headquarters are in Mansfield, Massachusetts, supports the inapplicability of Rule 4(k)(2). ECF No. 41-1 at 2 (citing ECF No. 42-4 (Ex. D) (March 2023 Trading Update from Kyle Gendreau, printed on Mansfield, Massachusetts office letterhead)). The motion for leave to file the supplemental briefing (ECF No. 41) is **GRANTED**, and the information contained in it has been considered.

## II.    ANALYSIS

Defendant is not subject to general jurisdiction in this Court. The parties do not dispute the lack of general jurisdiction in Texas. For general jurisdiction, the contacts must be so continuous and systematic as to make a defendant at home. *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014). Defendant is a Luxembourg limited liability company. ECF No. 13 ¶ 3. Defendant has no offices in and is not at home in Texas.

The Amended Complaint involves only claims of patent infringement, so Federal Circuit law applies. *SnapPower v. Lighting Def. Grp.*, No. 2023-1184, --- F.4th ----, ----, 2024 WL 1916631, at *2 (Fed. Cir. May 2, 2024) (holding that Federal Circuit law applies when personal jurisdiction is intertwined with patent law). The parties briefed the personal jurisdiction analysis with reliance on both Fifth and Federal Circuit precedent. *See* ECF No. 19 at 7–8; ECF No. 24 at 7–9. At no point, however, did either party challenge the choice of circuit law. Additionally, the Court does not find its conclusion on the issues presented in this motion to dismiss to depend or vary based on the application of Fifth and Federal Circuit law. The Fifth Circuit in *Freudensprung* described *International Shoe*'s minimum contacts standard as "(1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the

privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants contacts with the forum state." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). Where a defendant is not subject to general personal jurisdiction in the forum state, a district court may still exercise specific, personal jurisdiction over the defendant subject to the applicable legal standard. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). The parties dispute the applicable legal standard that controls this Court's exercise of specific, personal jurisdiction over Defendant.

Plaintiff argues that Federal Rule of Civil Procedure 4(k)(2) establishes personal jurisdiction over Defendant. Rule(4)(k)(2) establishes personal jurisdiction for a federal claim over a defendant if: "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2); *see also Williams v. Licari*, No. 22-cv-5, --- F. Supp. 3d ----, ----, 2023 WL 6048774, at *7 (E.D. Tex. Sept. 14, 2023) ("The due process required in federal cases governed by Rule 4(k)(2) is measured with reference to the Fifth Amendment . . . ."). Rule 4(k)(2) serves as a federal long-arm statute. *Sinox Co. v. YiFeng Mfg. Co.*, No. 21-cv-1022, 2023 WL 2769440, at *2 (W.D. Tex. Mar. 22, 2023).

Defendant argues that it is protected by the Fourteenth Amendment's due process analysis, elaborated by *International Shoe* and its progeny. Personal jurisdiction exists over an out-of-state defendant depending on two inquiries: "whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *SnapPower*, --- F.4th at ----, 2024 WL 1916631, at *2. Because the Texas long arm statute "reaches as far as the federal constitutional requirements for due process will allow," the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process.

*State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 412 (Tex. 2023); *see also* Tex. Civ. Prac. & Rem. Code § 17.042 (Texas long-arm statute). *International Shoe* ensures assertion of personal jurisdiction comports with due process through a two-pronged standard that requires a defendant has (1) "minimum contacts" with the forum (2) such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). *Burger King* refines the "fair play and substantial justice" prong by delineating factors. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985); *see, e.g.*, *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1197 (W.D. Tex. 2019) (stating *Burger King* factors concisely). The Federal Circuit determines if specific, personal jurisdiction comports with the due process inquiry mandated by *International Shoe* and *Burger King* by using three factors that ask whether the: (1) defendant "purposefully directed" its activities at residents of the forum, (2) claim "arises out of or relates to" those activities, and (3) assertion of personal jurisdiction is "reasonable and fair." *Autogenomics*, 566 F.3d at 1018. The first two factors correspond with the "minimum contacts" prong from *International Shoe*, and the third factor corresponds with the "fair play and substantial justice" prong. *Id.* at 1019.

## III.    DISCUSSION

### A.  Federal Rule of Civil Procedure 4(k)(2)

Plaintiff argues that Defendant is subject to personal jurisdiction in Texas under Federal Rule of Civil Procedure 4(k)(2). The first part of that rule requires that Defendant not be "subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A). Plaintiff argues its infringement claims can be heard under Rule 4(k)(2) jurisdiction in this Court by pointing to Defendant's own venue declarant's statements arguing that Defendant is "a holding

company" that is not involved in the design, manufacture, sourcing, distribution, sale, marketing, or support of any products, nor does it direct or control any retail stores, distribution centers, office facilities, or equipment in Texas or elsewhere in the United States.  ECF No. 24 at 7–8 (first citing ECF No. 19-6 (Livingston Decl.) ¶¶ 13–14; then citing ECF No. 19 at 7–9).

The Court is not persuaded by Plaintiff's arguments. Defendant's evidence demonstrates that Defendant has two corporate headquarters: one in Luxembourg and one in Mansfield, Massachusetts; and that its only other office is in Hong Kong. *See* ECF No. 19-6 (Livingston Decl.) ¶ 12; ECF No. 24-2 at 2. Rule 4(k)(2) does not apply. Defendant's headquarters in Massachusetts makes it subject to jurisdiction in Massachusetts's courts of general jurisdiction. Thus, the first part of Rule 4(k)(2) is not met.

The *Stingray* case from the Federal Circuit, on which Plaintiff relies, is factually distinguishable. That case held that Rule 4(k)(2) cannot be defeated, nor transfer compelled, based on a defendant's unilateral, post-suit consent to suit in a different forum. *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1386 (Fed. Cir. 2023). The defendant in *Stingray*, however, was not subject to jurisdiction in any state's courts of general jurisdiction because it had no office in the United States and was "organized and headquartered in Hong Kong," which satisfied Rule 4(k)(2)(A). *In re Stingray IP Sols.*, 56 F.4th at 1381. By contrast, Defendant has a corporate headquarters in Massachusetts.

Since the Court concludes that 4(k)(2)(A) does not apply, the Court turns to a personal jurisdiction inquiry under the Fourteenth Amendment Due Process Clause and *International Shoe*.

**B.  Specific Jurisdiction under *International Shoe***

Defendant argues that it has no activities in Texas, and thus, no contacts that could satisfy *International Shoe*'s "minimum contacts" inquiry. ECF No. 19 at 7–8. Defendant adds that its subsidiary's contacts with Texas cannot serve as the basis for subjecting Defendant to personal jurisdiction in Texas because Plaintiff has allegedly failed to make the requisite showing that Defendant "dominates its subsidiary" such that the two cannot be considered separate and distinct entities. *Id.* (citing *Diagnostic Affiliates of Ne. Hou, LLC v. United Health Grp., Inc.*, No. 21-cv-131, 2022 WL 20717539, at *4 (S.D. Tex. Jan. 18, 2022)). Defendant disputes that either the Samsonite.com website or the Samsonite corporate website can be the basis for personal jurisdiction over Defendant. *Id.* at 11. Defendant contends that it does not operate shop.samsonite.com, through which accused products are sold. *Compare* ECF No. 13 ¶¶ 13–14 (defining shop.samsonite.com as the Samsonite Website), *with* ECF No. 19-6 (Livingston Decl.) ¶ 16 (declaring that Defendant does not operate the shop.samsonite.com website). Defendant further contends that the corporate.samsonite.com website is used for investor relations and does not market or sell any products. *Compare* ECF No. 13 ¶ 15 (defining corporate.samsonite.com as Samsonite Corporate Website), *with* ECF No. 19-6 (Livingston Decl.) ¶ 17 (declaring that corporate.samsonite.com is used for investor relations and does not market or sell products).

Plaintiff argues that its infringement claims can be heard in this Court because Defendant's actions that give rise to Plaintiff's claims were directed toward Texas. ECF No. 24 at 10. Plaintiff asserts that Defendant directs and benefits from the sale of the Quadrion product line, which Defendant could, but refuses to, stop despite its alleged awareness that the Quadrion product line infringes the asserted patents. Plaintiff points to Defendant's statements on its investor relations webpage as evidence that Defendant directs and controls its subsidiaries

because Defendant's CEO is said to be responsible for planning strategy and managing operations of Defendant and its subsidiaries. *Id.* at 2–3 (quoting ECF No. 24-11). Plaintiff also points to the Defendant's declarant's assertions that Defendant's corporate functions are performed by Defendant's subsidiaries and other third parties under contract with Defendant. *Id.* at 3 (citing ECF No. 19-6 (Livingston Decl.) at ¶ 15). Plaintiff counters Defendant's argument that it does not operate its website by alleging that Defendant "outsources" operation of its online store to a third party, DMV. *Id.* Plaintiff also argues that the online retailer, Amazon.com, picks up orders in Asia from Defendant directly, as opposed to waiting for orders to arrive in the U.S. *Id.* However, Plaintiff does not offer any evidence that Defendant has any direct contacts with Texas. *See generally* ECF No. 13 ¶¶ 12, 17, 27, 30, 48, 67, 84 (no evidence that Defendant has contact with Texas on its own); ECF No. 24 at 3–4, 8, 10, 13, 16, 19–20 (same); ECF No. 45 (same).

The Court finds that Plaintiff has not met its burden to demonstrate Defendant has "minimum contacts" with the State of Texas sufficient to satisfy the first prong of *International Shoe*. Plaintiff's pleadings and arguments are insufficient for at least two reasons. First, Plaintiff failed to present any evidence of direct contact with Texas by Defendant. Second, Plaintiff failed to present sufficient evidence to impute the conduct of third-parties to Defendant for purposes of specific jurisdiction.

Plaintiff failed to offer evidence of direct contact giving rise to the claims by Defendant with Texas. Plaintiff failed to offer evidence that Defendant, its subsidiaries, or third parties satisfy the "minimum contacts" standard with the State of Texas for the accused products or the asserted patents, either directly or via the stream of commerce. Although Plaintiff points to the Quadrion product line, Samsonite's online store, Defendant's subsidiaries, and Amazon.com,

Plaintiff failed to present evidence to demonstrate any of this activity was directed to residents of Texas. *Autogenomics*, 566 F.3d at 1018 (explaining the "purposefully directed" and "arises out of or relates to" factors correspond with the "minimum contacts" prong from *International Shoe*). While the Court is aware of third-party Amazon's presence in Texas, Plaintiff has not presented any evidence that ties Amazon's Texas presence to the accused products or any activity that is relevant to this lawsuit. Plaintiff's allegation of contact with Texas is no more than a "bare formulaic accusation," which the Federal Circuit has held is insufficient to support personal jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (affirming district court's dismissal for lack of personal jurisdiction where the plaintiff failed to proffer evidence identifying any sales in the forum state, nor indicating the forum state was part of any defendant's continuous, established distribution channels). The existence of an alleged infringer's website, without more, is insufficient to show minimum contacts with the forum. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) (explaining allegations without evidence that any forum residents have ever actually used a website to transact business are insufficient to show specific jurisdiction). The evidence that Plaintiff offers, such as Plaintiff's allegations that Amazon.com directly coordinates logistics with Defendant, do not prove specific contacts with Texas, but, at most, proves contact with the United States as a whole. *See, e.g.*, ECF No. 24-12 at 12–13 (stating in a transcript of Defendant's earnings call that Amazon is one of Defendant's "largest wholesale customers in the U.S.," "Amazon actually picks up the orders in Asia" from Defendant "as opposed to waiting for the ship to arrive in the U.S.," and Amazon's wholesale channel with Samsonite "relates to department stores in the U.S."). Although contacts with the United States as a whole would be relevant to Rule 4(k)(2)(B), as explained above, Rule 4(k)(2) does not apply. Unlike Rule 4(k)(2), *International*

*Shoe* requires state-specific contact. *See AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 22-cv-280, 2023 WL 7105701, at *2 (E.D. Tex. Sept. 6, 2023) (explaining that the *International Shoe* "due process analysis under specific jurisdiction and Rule 4(k)(2) are similar; however, Rule 4(k)(2) 'contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits.'" (quoting *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018))). Plaintiff has not made any showing of contact by Defendant that is specific to Texas and the claims in this case.

Second, Plaintiff has not shown direction or control by Defendant over its subsidiaries or third parties such that their contacts with Texas, if any, could be attributable to Defendant. Plaintiff has a "heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 331 (5th Cir. 2011). The "attenuated contact" or "unilateral activity" of a third-party cannot satisfy the requirement of minimum contacts. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008). The evidence Plaintiff offers that allegedly describes Defendant's degree of control over its subsidiaries is insufficient to attribute jurisdictional contact because it does not show a degree of control that exceeds normal parent-subsidiary control. *E.g.*, *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) ("[T]he mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent[.]"); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (explaining the "degree of control . . . must be greater than that normally associated with common ownership and directorship"). Plaintiff failed to present evidence that Defendant directed and controlled its subsidiaries in contact with Texas. The Court has no basis to find Defendant directing activities into or having minimum contacts with Texas.

Additionally, besides failing to show minimum contacts, Plaintiff makes only a brief reference to the traditional notions of fair play and substantial justice prong of *International Shoe*. ECF No. 24 at 8–9. Plaintiff did not address any of the *Burger King* factors. *See id.* at 8–10. Defendant, however, addressed them. ECF No. 19 at 5, 13–15 (arguing *Burger King* factors weigh against personal jurisdiction). The Court is also persuaded by Defendant's arguments regarding the *Burger King* factors.

For these reasons, the Court recommends finding that Defendant is not subject to personal jurisdiction in this forum, and further recommends that this case be dismissed without prejudice.

## IV.     RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Court **GRANT** the motion to dismiss (ECF No. 19) and **DISMISS WITHOUT PREJUDICE** the above-captioned action. Furthermore, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the alternative relief for jurisdictional discovery in Plaintiff's Opposition to the Motion to Dismiss (ECF No. 24 at 10–11) is moot and should be **DENIED**.

## V.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**IT IS SO ORDERED.**
**SIGNED** this 14th day of May, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE